IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SUSAN MILLER, individually and as a
representative of a class of similarly situated
persons,

        Plaintiff,

v.

CENTURYLINK, INC., CENTURYLINK
COMMUNICATIONS, LLC, CENTURYLINK
PUBLIC COMMUNICATIONS, INC.,
CENTURYLINK SALES SOLUTIONS, INC.,
QWEST CORPORAITON and CENTURYTEL
OF WISCONSIN, LLC,

        Defendants.

OPINION AND ORDER

17-cv-648-wmc

---

Plaintiff Susan Miller brings this putative class action lawsuit against a number of related companies alleging violations of Wisconsin consumer protection statutes and breach of consumer contracts based on defendants' alleged unauthorized charges to Wisconsin customers' internet and telephone accounts. Plaintiff contends that the court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (Compl. (dkt. #1) ¶ 12.) Because the allegations in the complaint are insufficient to determine whether diversity jurisdiction actually exists, plaintiff will be given an opportunity to file an amended complaint containing the necessary allegations. Depending on those allegations, plaintiff may also be required to file a brief explaining why certain discretionary and mandatory exceptions to a federal court's exercise of jurisdiction depending on the portion of class members who are citizens of the state in which the action was filed, the citizenship of the defendants, and the state

laws do not apply. See 28 U.S.C. § 1332(d)(3), (4).

OPINION

The court has an independent obligation to ensure subject matter jurisdiction exists. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010) (explaining that because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it"); *see also Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009) ("[I]t is always a federal court's responsibility to ensure it has jurisdiction."). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).

Title 28 U.S.C. § 1332(d)(2) provides in pertinent part:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which--
>
> **(A)** any member of a class of plaintiffs is a citizen of a State different from any defendant;
>
> **(B)** any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
>
> **(C)** any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

As best the court can discern, plaintiff relies on subsection (A) to establish diversity by alleging that "members of the proposed Class are citizens of a state different from Defendants." (Compl. (dkt. #1) ¶ 12.) Specifically, plaintiff alleges that she is a citizen

2

of Wisconsin.  (*Id.* at ¶ 3.)  Plaintiff, however, has failed to allege the citizenship of the defendants.  Instead, plaintiff simply alleges the state of incorporation for defendant CenturyLink, Inc.  (*Id.* at ¶ 5.)  A corporation, however, is a citizen of both the state of incorporation as well as the state of its principal place of business.  28 U.S.C. § 1332(c)(1). As for the other defendants, plaintiff hints that they are controlled by CenturyLink, Inc. (Comp. (dkt. #1) ¶ 5), but each is named as a defendant and appears to be a separate legal entity.  For those other defendants, in the caption, plaintiff apparently identifies the state of incorporation (for defendants who are corporations) and the state of organizations (for defendants who are unincorporated associations), but she fails to allege their respective principal places of business.  *See* 28 U.S.C. § 1332(c)(1); *id.* at § 1332(d)(10) (explaining that for purposes of CAFA, unincorporated associations are citizens of "the State where is has its principal place of business and the State under which whose law it is organized"). Absent allegations sufficient to determine the citizenship of the defendants, there is no basis for determining whether there is diversity of citizenship between plaintiff as a citizen of Wisconsin and any of the defendants.

In addition to failing to allege the citizenship of defendants, the complaint also fails to provide sufficient allegations for the court to determine whether the amount in controversy is satisfied.  Plaintiff simply alleges that "the amount in controversy, exclusive of interest and costs, exceeds $5,000,000.00 in the aggregate."  (Compl. (dkt. #1) ¶ 12.) The complaint, however, contains *no* other allegations estimating the amount of damages, other than noting that the number of class members is in the "thousands," and that each is billed small monthly amounts of $200 or less.  (*Id.* at ¶¶ 47(a), 52.)  From these and

other allegations, the court, however, is hard-pressed to understand how the jurisdictional minimum is satisfied. At the very least, plaintiff has failed to plausibly allege the amount in controversy. *See Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 764 (7th Cir. 2011) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000, the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." (internal citation omitted)).

Before dismissing this action for lack of subject matter jurisdiction, plaintiff will be given leave to file within 14 days an amended complaint that establishes subject matter jurisdiction by alleging (1) each defendant's state of citizenship, and (2) the amount in controversy plausibly exceeds $5,000,000.

Finally, depending on the citizenship of defendants, certain discretionary and mandatory exceptions to a federal court's exercise of jurisdiction may be implicated. If any of the defendants are citizens of Wisconsin, plaintiff should file a brief explaining why the discretionary jurisdiction provision, 28 U.S.C. § 1332(d)(3), the mandatory "home state exception," 28 U.S.C. § 1332(d)(4)(B), or the mandatory "local controversy exception," 28 U.S.C. § 1332(d)(4)(A), do not apply.

ORDER

IT IS ORDERED that:

1) Plaintiff Susan Miller has until September 6, 2017, to file an amended complaint containing good faith allegations sufficient to establish subject matter jurisdiction under 28 U.S.C. § 1332(d).

2) Failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

3) If any of the defendants are citizens of Wisconsin, by September 8, 2017, plaintiff shall filed a brief explaining why certain discretionary and mandatory exceptions, 28 U.S.C. § 1332(d)(3), (4), do not apply.

Entered this 23rd day of August, 2017.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge